FINEGAN v. ECKERSON et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

ADJOINING LANDOWNERS—INJUNCTION.

A person in possession of lands is entitled to an injunction to prevent any excavation on neighboring land, which will cause subsidence or destruction of the highway in front of his premises, or take away the lateral support of the soil in its natural state, without the burden of any buildings upon it, and also upon a proper showing to injunctive relief during the pendency of the action.

52 N.Y.S.—63

Appeal from special term, Rockland county.

Action by Julia A. Finegan against J. E. Eckerson, individually and as executor, and others. From an order enjoining defendants during the action from digging on or excavating material from lands belonging to the defendant Eckerson, or in possession of the other defendants as his tenants, they appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ralph E. Prime, for appellants.

Irving Brown, for respondent.

WILLARD BARTLETT, J. This is a suit in equity, the purpose of which is to obtain a permanent injunction restraining the defendants from making excavations upon lands occupied by them in the village of Haverstraw to such an extent as to endanger the neighboring premises in the possession of the plaintiff. According to the complaint, the plaintiff is in possession of certain premises situated on Rockland and Jefferson streets, in that village. Upon these premises stands a valuable building containing a dwelling and business apartments. The lands thus occupied by the plaintiff, together with the neighboring lands occupied by the defendant Eckerson for the manufacture of brick, were formerly part of a large tract belonging to a common owner, who laid out this tract into lots and streets, and made conveyances of the lots occupied by the parties to this action, describing them as bounded upon such streets, and referring to a map thereof which was filed in the office of the county clerk of Rockland county. The complaint, which was verified on the 24th day of May, 1898, alleges that the defendants have recently dug and excavated upon the land of the defendant Eckerson to a great depth near the corner of Jefferson and Rockland streets, and so near those streets as to cause the same to subside to a depth of from 50 to 60 feet, within about 18 feet from the plaintiff's building, and that, as the plaintiff is informed and believes, they intend to excavate further, by reason of which acts the building of the plaintiff is in imminent danger of sliding down the embankment which has thus been created. Upon the complaint and an affidavit of the plaintiff stating that the allegations therein contained were true, an application was made to the special term for a temporary injunction. The motion was opposed by the defendants, who presented affidavits tending to show that the subsidence of the soil, which the complaint described as having occurred near the corner of Jefferson and Rockland streets, was not due to any excavations upon the Eckerson property. These affidavits also positively asserted that no material had been excavated from the Eckerson property during the last three years within 250 feet of the point where said subsidence occurred. The learned judge at special term thought that the injury to be apprehended by the plaintiff seemed to be real and serious, and concluded to grant the desired restraining order, although he was of the opinion that the affidavit and complaint lacked particularity as to the date of the excavation which caused the subsidence of the street.

The right of the plaintiff to prevent any excavation on neighboring land which will cause a subsidence or destruction of the highway in front of the premises in her possession is clear.  Milburn v. Fowler, 27 Hun, 568.  So far as the lateral support of the soil is concerned, in its natural state, without the burden of any buildings upon it, the occupant of land may also be protected by injunction.  Trowbridge v. True, 52 Conn. 190.  The right of lateral support, however, between the owners of contiguous lands, in the absence of statutory regulation, does not extend to buildings.  Lasala v. Holbrook, 4 Paige, 169; Dorrity v. Rapp, 72 N. Y. 307.  Assuming that there was sufficient evidence before the court at special term that the defendants threatened or intended to carry on any excavations which would tend further to lower the streets opposite the plaintiff's premises, or to cause a subsidence of any part of her land, irrespective of the building thereon, a condition of things was established which called for injunctive relief during the pendency of the action.  Although the moving papers might well have been more specific in stating when the plaintiff acquired possession, we are disposed to agree with the learned court below that this defect is not so substantial as to require the refusal of a restraining order.

It is insisted in behalf of the appellants that the allegation of the defendants' intent to dig or excavate further, being made only on information and belief, without disclosing the source of information or the grounds of belief, should be deemed a nullity; but, as we find no denial of such alleged intention anywhere in the opposing affidavits, we think its existence was properly assumed for the purposes of the motion.

On the whole, we think the interests of justice will be subserved by continuing the injunction until the case can be tried on the merits. Inasmuch, however, as it is suggested in behalf of the appellants that the effect of the order may be to inflict serious injury upon their brickmaking industry during the summer, we think the order should be modified by requiring the plaintiff to stipulate to try the action at one of the Saturday special terms to be held during the summer, either in Orange county or Dutchess county, if the defendants so desire.

Order affirmed, with $10 costs and disbursements to abide the final award of costs, on condition that the plaintiff stipulates to try the cause at one of the Saturday special terms to be held during the summer, either in the county of Orange or Dutchess, if the defendants so desire. All concur.