(43 App. Div. 418.)

# WHITE v. TEBO.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. ADJOINING LANDOWNERS—EASEMENT OF LATERAL SUPPORT—DAMAGES FOR UNLAWFUL EXCAVATIONS.

Under the right of easement of lateral support, a landowner may recover for injuries done to structures erected on his land by reason of unlawful excavations on adjoining land, where the structures did not add to the lateral pressure upon the lands excavated.

2. SAME—PUBLIC LANDS INSIDE BULKHEAD—EXCAVATION FOR DRY DOCK.

A grant by the state of land inside the permanent bulkhead line, to be used for commercial purposes, does not authorize the grantee to excavate a dry dock thereon without regard to injuries to adjoining owners.

Appeal from special term, Kings county.

This was an action by Alexander M. White against William M. Tebo for damages. There was judgment for plaintiff, and defendant appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William N. Dykman, for appellant.
Percy S. Dudley, for respondent.

CULLEN, J. This action is brought to recover damages for injury to a wharf or pier of the plaintiff caused by excavations made by the defendant. The action was tried before a justice of this court, a jury having been waived. The premises of both parties are situated in the borough of Brooklyn, fronting on New York Bay, and include lands under water out to the permanent bulkhead line. The plaintiff's property lies on the southerly side of Twenty-Fourth street, and on it he had constructed and maintained a pier or wharf. The defendant is the owner of lands to the north of the center line of Twenty-Fourth street. He also has a pier on his land. The defendant proceeded to construct a dry dock on his premises, and for that purpose excavated the slip between the piers to the depth of 26 feet, which far exceeded the natural depth of the water at the place. The defendant's excavation caused the plaintiff's wharf to fall, and for such injury the action is brought. The lands between the center and south lines of Twenty-Fourth street have been granted to neither party, and belong to the people of the state. The learned trial judge found that the defendant's excavation was wrongfully and negligently carried on, and that it was prosecuted, not only on the defendant's own land, but on the adjoining land belonging to the state; and he decided that the defendant was liable for the injury occasioned to the plaintiff's wharf. The learned counsel for the appellant assails the correctness of the finding of the trial court that the defendant excavated beyond the limits of his own land. He contends that the position of the dredge and the movements of its arms show that no digging was done outside of the defendant's own land. All we can say of this claim is that the question was one of fact, and that the counsel has not convinced us that the trial court clearly erred in its determination.

As to the easement of lateral support of adjacent land, the law seems settled that an owner of land has the right to have it supported in its natural condition by adjoining land, but that no such right of support exists as to buildings or structures which have increased the lateral pressure. Washb. Easem. p. 430; Lasala v. Holbrook, 4 Paige, 169; Farrand v. Marshall, 19 Barb. 380; Id., 21 Barb. 409. It is also the law that, while one is not entitled to have his building supported by the adjoining land, still the adjoining owner will be liable for injuries caused to such building, if he prosecutes his excavation carelessly or negligently. But it is plain that care on the part of the adjoining owner does not require him to shore up or support the neighboring building while he is engaged in his excavation, for that, in substance, would abrogate the rule that the building is not entitled to the lateral support of the adjacent land. Washb. Easem. p. 444. The landowner, however, may erect upon his land a structure which does not increase the lateral pressure on the adjacent land. In such a case it seems settled that he may maintain an action for the injury done by excavations made by an adjoining owner. But as to whether he can recover for injury to his buildings, or only for injuries to his soil, the law is not settled, and the authorities are in conflict. In Gilmore v. Driscoll, 122 Mass. 199, while the excavation made by the defendant was held unlawful, the plaintiff's recovery of damages was confined to the injury to her soil, and she was not allowed compensation for the fence and shrubs on the ground, although it was conceded that the latter had not increased the lateral pressure. The rule is different in England, for there, if the building or other structure has not increased the natural pressure, the owner is entitled, in an action for damages for unlawful excavation, to recover, not only for the injuries to his soil, but for the injury to his structures. Stroyan v. Knowles, 6 Hurl. & N. 454; Brown v. Robins, 4 Hurl. & N. 186; Hunt v. Peake, Johns. 705. This also seems to be the rule in some of the states in this country. In O'Neil v. Harkins, 71 Ky. 650, a fence and privy were destroyed by excavations carried on in an adjoining lot. It was held that the plaintiff was entitled to recover absolutely for the fence, and also for the injury to the privy, in case the jury found that the structure had not increased the lateral pressure. The question has not been decided in this state, for the cases of public improvements authorized by law, such as that before the court in Radcliff's Ex'rs v. Mayor, etc., 4 N. Y. 195, are not in point. The most we have on the subject is a dictum by Chief Justice Andrews in Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592:

"So it has become the settled doctrine of the law that if one by excavating on his own land adjacent to the land of his neighbor, using due care, causes a building on his neighbor's land to topple over, there is no remedy, provided the weight of the building caused the land on which it stood to give way."

From this it would seem that the learned judge was of opinion that, if the weight of the building did not cause an increased pressure, a recovery might be had for injuries to it. With the utmost deference to the learned court in Massachusetts, we are unable to see on what principle the rule of damages in Gilmore v. Driscoll rests.

If one has the right to excavate his own land to any depth, conditioned only on paying adjoining owners for any injury to the soil occasioned by such excavation, then, undoubtedly, the rule of damages declared by the Massachusetts court would be correct. But, as we understand the law, a landowner has no such right. If nothing has been placed on the adjacent land which increases the pressure, and therefore the burden on his own land, he has no more right to make an excavation which will cause his neighbor's land to subside and fall in than he has to enter upon such land and trespass thereon. The act itself being unlawful, we cannot see why he should not be held liable for all damages necessarily flowing therefrom. He has no right to make the excavation to the injury of his neighbor upon any terms, and in this state would be restrained by injunction from prosecuting the work. The common-law rule itself, which denies the right of lateral support to a building or structure which has increased the pressure, proved so detrimental to the improvement of land that it has been modified by statute in most if not all the cities of this state; and, where an excavation is made to a greater depth than 10 feet beneath the grade of the lot, the person making the excavation is required to shore up and protect adjacent buildings. The evidence in this case shows that the plaintiff's wharf did not increase the pressure upon the defendant's soil. The wharf or pier fell because the defendant excavated and carried off the adjacent soil. Of course, no structure would stand without such support. We think it was the duty of the defendant, in prosecuting the improvement upon his own land, to have protected the plaintiff's pier, and that for his failure to do so he is liable.

But, even if we err in our view as to the rule of damages between adjacent owners, we think the defendant cannot escape liability. The trial court found that the defendant excavated on the land of the state, adjoining the plaintiff's wharf. The defendant does not justify under any license or privilege from the state. Whatever may have been the rights of excavation as between the state and the plaintiff, the defendant's acts were wholly unlawful, and he should not be relieved from their natural and necessary consequences. The claim of the appellant that the grant to him by the state of the land for commercial purposes authorized him to excavate his dry dock, without regard to its effect on adjacent owners, is without force. The place where the excavation was made lies far within the permanent bulkhead line. Lands and improvements within that line have the same security as other lands within the city. It was contemplated that solid filling or made ground would extend up to the bulkhead line. The defendant had undoubtedly the right to excavate his dry dock, but he was under the same liability for injuries to adjacent owners as if he had constructed it in the upland. No question is made as to the measure of damages adopted by the court.

The judgment appealed from should be affirmed, with costs. All concur.