## VILLAGE OF HAVERSTRAW v. ECKERSON et al.

·(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. MUNICIPAL CORPORATIONS—ACTIONS—RIGHT TO SUE—CONSTITUTIONAL AND STATUTORY PROVISIONS—VILLAGES.

Under Const. art. 8, § 3, providing that all corporations shall have the right to sue in all courts in like cases as natural persons, and General Corporation Law, Laws 1892, p. 1801, c. 687, § 3, declaring that a municipal corporation includes a village, a village has the same right to sue that a private corporation or individual has.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 2189.]

2. ADJOINING LANDOWNERS—RIGHT TO LATERAL SUPPORT—COMMON-LAW RULE.

At common law the owner of lands on which there are no buildings or other superstructures is entitled to lateral support from the lands of his neighbor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adjoining Landowners, §§ 7–44.]

3. MUNICIPAL CORPORATIONS—ACTIONS—INJUNCTION—REMOVING LATERAL SUPPORT TO STREET.

Under Laws 1897, p. 414, c. 414, § 141, providing that the streets of a village are under the exclusive control and supervision of the board of trustees, a village is charged with the duty of maintaining its .streets in a reasonably safe condition, and where an adjoining landowner proposes to excavate his own land so near the boundary line of a street as to remove the lateral support thereof so that it is likely to destroy the highway, the village may sue to enjoin him from proceeding with the excavation.

[Ed. Note.—For cases in ·point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1438, 1444.]

4. SAME—STREETS—RIGHT TO LATERAL SUPPORT.

There is no presumption that lands used for streets have had any additional burden imposed upon them, and an adjoining owner has no right to excavate his premises so as to destroy the lateral support of a street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1438, 1444.]

Appeal from Special Term.

Action for injunction by the village of Haverstraw against J. Esler Eckerson and others. From an interlocutory judgment overruling a ·demurrer to the complaint, and from an order continuing a temporary injunction, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, :and MILLER, JJ.

Henry Bacon (Ralph E. Prime, on the brief), for appellants.
Alonzo Wheeler (William McCauley, on the brief), for respondent.

WOODWARD, J. There are two appeals argued together; but ·it does not seem to be necessary to give any special consideration to the matters urged against the order continuing the temporary injunction; for, if the plaintiff is entitled to the relief which the complaint demands, and we are disposed to so hold upon the demurrer, there is no good reason why the temporary injunction should not be continued. By the provisions of section 141, c. 414, p. 414, Laws 1897, the governing statute in the case of the plaintiff, the "streets and public

grounds of a village * * * are under the exclusive control and supervision of the board of trustees," constituting the general governing body of the village, and this exclusive control and supervision imposes the duty and obligations incident to such powers upon the village, acting through such trustees. Eckerson, the defendant, owns certain premises to the north of and abutting upon Jefferson street, in the village of Haverstraw, and this action is brought in equity to perpetually restrain the defendant from excavating sand and clay upon his own premises so near to the line of said street as to remove the lateral support, and to permit the caving in of the highway and sliding down upon the premises of the defendant, to the destruction of said highway, and to compel the defendant to restore the street to its normal condition. The defendant interposed a demurrer, alleging two grounds of deficiency: First, that the plaintiff, being a municipal corporation, is not vested by law with the right or power to bring and maintain the action; second, that the complaint does not upon its face state facts sufficient to constitute a cause of action in favor of the plaintiff. The demurrer has been overruled, and both of these alleged defects are urged upon this appeal.

The defendant sets out in its demurrer that the plaintiff, as "a local, municipal corporation," has no power or authority to bring this action. It is not to be doubted that the village of Haverstraw is a municipal corporation (General Corporation Law, Laws 1892, p. 1801, c. 687, § 3), and its board of trustees is the body through which it acts in its corporate capacity. This body is charged with the duty of "exclusive control and supervision" of the streets and public grounds; the street being defined to include a "highway, road, avenue, lane or alley which the public have the right to use." Section 140, c. 414, p. 414, Laws 1897. Charged with this duty the village becomes liable for injuries resulting through the negligence of its board of trustees in the discharge of this duty. It is the trustee of the public right to the maintenance of the highways, and, as a trustee, it has a standing to maintain an action in equity to preserve the highways in their normal condition, unless there is some provision of law which distinguishes a municipal corporation from an individual or a private corporation having the powers of a trustee. We find no such limitation on a municipal corporation; on the contrary, we find that the Constitution of this state since 1846 has provided carefully for investing all corporations, whether municipal or otherwise, with the "right to sue and shall be subject to be sued in all courts in like cases as natural persons." Article 8, § 3, Const. N. Y. The word "like" has been judicially defined to mean "having the same or nearly the same appearance, qualities, or characteristics; resembling; similar to; equal in quantity, quality, or degree" (19 Am. & Eng. Ency. of Law, 130); and, when the Constitution declares that "all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons," it must be construed to mean exactly what it says, and, if the facts are such as to give a private individual a cause of action under similar circumstances, if there are facts which bring the case within equitable principles, a municipal corporation has the same rights that a private corporation or an individual would have.

It is not to be doubted that at common law the owner of lands on which there are no buildings or other superstructures is entitled to lateral support from the lands of his neighbor, and that appears to be substantially the situation here involved. The plaintiff has established and maintained a highway for upwards of 50 years. It owes to the public the duty of maintaining this highway in a reasonably safe manner. The defendant owns lands adjacent to this highway, which it is proposed to excavate without regard to the rights of the public. It menaces the very existence of the highway, for it appears the excavation is very deep, and, if the work is carried to a point where the land slides down upon the lands of the defendant, the highway would be destroyed for all practicable purposes. To say that the defendant may go on and take away this lateral support, exposing the public to the dangers of such a landslide, and that the municipal corporation, charged with the duty of maintaining the highways, has no remedy of a preventative nature, but must await the occurrence and then proceed by way of indictment, or call in the Attorney General, is to nullify the intention of the Constitution, and to work a great wrong to the defendant in its corporate capacity. We are of the opinion that there is no such limitation upon the powers of the municipality as is suggested by the defendant, and we are equally persuaded that there is a cause of action calling for the assertion of the equitable powers of the court. There is no presumption that lands used for streets have had any additional burden imposed upon them, and under such circumstances the law is clear that an adjoining owner may not so excavate his premises as to destroy the lateral support. White v. Tebo, 43 App. Div. 418, 60 N. Y. Supp. 231; Riley v. Continuous Rail Joint Co., 110 App. Div. 787, 97 N. Y. Supp. 283.

The order appealed from rests upon the same basis of law as the interlocutory judgment, and must follow the same course.

The interlocutory judgment and the order appealed from should be affirmed, with costs. All concur.

GAYNOR, J. (concurring). The questions in this case are not open to discussion. First, the law of lateral support applies in favor of the land in a public highway (Milburn v. Fowler, 27 Hun, 568; Finegan v. Eckerson, 32 App. Div. 233, 52 N. Y. Supp. 993), though it may not apply against it (Radcliff's Ex'rs v. Mayor, 4 N. Y. 195, 53 Am. Dec. 357); and, second, equity will entertain a suit by the officials or municipal corporation having the care and control of a public highway to prevent any obstruction or endangering of it (Village of Oxford v. Willoughby, 181 N. Y. 155, 73 N. E. 677; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223, 93 N. Y. Supp. 937).

The interlocutory judgment overruling the demurrer to the complaint should be affirmed.