FREEMAN et al. v. UNITED STATES TALC CO.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. LANDLORD AND TENANT (§ 157*)—LEASE—CONSTRUCTION.

Under a lease of a mine, providing that on its termination the tenant might remove all buildings, machinery and tools, but should leave the property in a good and workmanlike condition, the tenant cannot remove staircases, tracks, and supports, the removal of which would endanger the mine, make possible the caving in thereof, and render it impossible to get water out, thus greatly impairing its value.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 571–607; Dec. Dig. § 157.*]

2. INJUNCTION (§ 136*)—RIGHT TO TEMPORARY INJUNCTION.

Under a lease providing that a tenant should leave the property in a good and workmanlike condition, whether particular structures should be allowed to remain on the premises in order to leave them in such condition depends so largely on their nature and their necessity to protect the property from damage that this question should be left for determination on the trial, and their removal pending an action for a permanent injunction should be enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

3. INJUNCTION (§ 145*)—TEMPORARY INJUNCTION—AFFIDAVITS.

On an application for a temporary injunction by a lessor of a mine to restrain the lessee from removing structures the removal of which it is claimed would greatly injure the property, affidavits on information and belief showing that the lessee's workmen were found removing such structures, and stated that they had been instructed to remove them, are not insufficient because the affidavits of the workmen are not obtained to show such instructions.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 318; Dec. Dig. § 145.*]

Kellogg, J., dissenting in part.

Appeal from Special Term, St. Lawrence County.

Action by Frank N. Freeman and another, individually and as executors of the will of Nelson H. Freeman, deceased, against the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States Talc Company. From an order vacating a temporary injunction, plaintiffs appeal. Reversed, and motion to vacate denied.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Howard R. Sturtevant, of Gouverneur, for appellants.

Abbott & Dolan, of Gouverneur, for respondent.

SMITH, P. J. [1, 2] The action is brought to restrain the defendants from removing from leased property certain timbers, tracks, supports, and other structures in a talc mine. The property had been leased by the plaintiff to the defendant, with a right to terminate the same by the defendant, and with the provision that, in case of terminating the lease, the party should have the right and privilege "to take and remove any and all buildings, machinery, and tools of whatsoever nature that they may have on said premises, or may have put thereon." The lease further provided that upon the termination thereof the said property "shall be left in a good and workmanlike condition." The papers show that to remove the staircases, the tracks, and the supports in the mine would endanger the mine, and make possible the caving in thereof, and render it impossible to get the water out, thus greatly impairing its value. If this be true, it would seem that it was not within the contemplation of the lease that such supports, stairs, and tracks should be removed. Whether or not the lease contemplated that certain particular structures should be allowed to remain, in order to leave the mine in a good and workmanlike condition, depends so largely upon the nature of those structures, and upon the necessity thereof to protect the mine and keep the walls safe from falling, that in our opinion it should properly be left to the trial for the determination upon the evidence there to be produced.

[3] The criticism is made that the affidavits are insufficient, as stating the facts upon information and belief, without alleging why the affidavit of the informant is not produced. The affidavit shows, however, that defendant's workmen were found removing the buildings and timbers, and shows their statements that they had been instructed to remove these other structures, the removal of which is claimed to impair the value of the mine. This information would seem to be sufficient to authorize the granting of the injunction, without attempting to get the affidavits of these parties that such was their instruction. See Finegan v. Eckerson, 32 App. Div. 233, 52 N. Y. Supp. 993.

These views lead to a reversal of the order vacating the injunction, with $10 costs and disbursements.

Order vacating injunction reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur, except KELLOGG, J., who concurs as to the supports, and otherwise dissents.