SHEROVER CONSTRUCTION CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Kings County, April 10, 1937.

*Englander & Englander* [*Paul Englander* and *Murray L. Halpern* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Charles Blandy* and *Robert W. Lishman* of counsel], for the defendant.

MAY, J. The issue presented herein is somewhat unusual. Plaintiff, as the assignee of a long term lessee of certain hotel property at Ashland place and Lafayette avenue, sues to recover from the city, because the city's construction of a subway in Ashland place, some ten years after the completion of such construction, the cost to the plaintiff of constructing its hotel foundation deeper than would have been necessary had there been no subway at Ashland place. The subway was completed prior to June, 1913. The summons and complaint herein were served in September, 1933, more than twenty years thereafter. The defendant city has set up various defenses based upon the twenty-year Statute of Limitations and Statutes of Limitations running for shorter periods, and while it might logically be argued that a cause of action based upon loss of lateral support accrued at the time such lateral support is actually removed, the authorities seem to hold that the action does not accrue until damages have actually been sustained. (See Jones on Easements, § 627, and authorities therein cited; also authorities in other jurisdictions cited in plaintiff's memorandum.)

Plaintiff claims that its damages were actually sustained in 1926, when its assignor constructed the hotel building and carried the foundations down to the subway level some forty-nine feet or more below the grade of the street.

No right of recovery for loss of lateral support existed at common law except for the deprivation of the support of the land in its natural state. (*Village of Haverstraw* v. *Eckerson*, 124 App. Div. 18; *Farrand* v. *Marshall*, 19 Barb. 380; affd., 21 id. 409; *Paltey* v. *Egan*, 122 App. Div. 512; *Bloomingdale* v. *Duffy*, 71 Misc. 136; affd., 146 App. Div. 879; *Bicak* v. *Runde*, 78 Misc. 358; *Bergen* v. *Morton Amusement Co.*, 95 id. 647; affd., 178 App. Div. 400.)

Such right as may exist above and beyond that is conferred by statutory enactment. (*Bergen* v. *Morton Amusement Co.*, *supra*.) The statute upon which plaintiff relies is to be found in the New York City Building Code (N. Y. Code of Ordinances, chap. 5, art. 12, § 230, subd. 3). Subdivision 3 thereof reads as follows:

" 3. Support of neighboring walls. a. When excavation exceeds 10 feet. Whenever an excavation is intended to be, or shall be carried to a depth of more than 10 feet below the curb, the person causing such excavation to be made shall at all times if afforded the necessary license to enter upon the adjoining land, and not otherwise, at his own expense, preserve and protect from injury any wall, building or structure, the safety of which may be affected by said excavation, and support the same by proper foundations, whether the said wall, building or structure is down more or less than 10 feet below the curb. If the necessary license is not accorded to the person making such excavation, then it shall be the duty of the owner refusing to grant such license to make such wall, building or structure safe, and to support the same by proper foundations; and, when necessary for that purpose, such owner shall be permitted to enter upon the premises where such excavation is to be made."

It would appear that the provisions of this enactment impose a duty upon an adjoining owner making the excavation — in this instance the city — to take proper safeguards with respect to the protection of buildings or improvements which might be endangered during its construction operations. There is no complaint that this was not done at the time the subway was built. To say, however, that the duty continues long after the subway was completed, and with respect to a building of whatever type which might be erected in the future, seems to me to be unwarranted. I am inclined to agree with the defendant when it states:

" There was no loss of lateral support. When plaintiff bought its property, the street had previously been opened and the subway

constructed in it. The street had then been filled in, paved and restored, so that the lateral support to plaintiff's property had been restored when the plaintiff purchased the property. It was not loss of lateral support that required plaintiff to sink its foundations to a greater depth of 16 feet, but the fact that a structure existed in the street (a subway) when the plaintiff purchased the property, which structure the law required the plaintiff to protect.

" That this was known to plaintiff when it bought the property and that this fact entered into the purchase price, goes without saying. Plaintiff did not claim ignorance of the presence of the subway or of the condemnation proceeding. It could not legally do so and the deeds in its chain of title specifically limited the thrusts and loads that could be placed against the subway structure ' provided the subway or structure or any part of its supports are not interfered with and the utility, stability and safety of the same are not impaired thereby. * * * The foregoing understandings, agreements or covenants shall be binding upon the vendor and the vendees, their successors and assigns, and shall be real covenants running with the land, and shall inure to the benefit of the vendor and vendees, and their successors, assigns, contractors, lessees and licensees.'

" This language is contained in the deeds of record of plaintiff's predecessors, which deeds are exhibits in this law suit, and were marked defendants' Exhibits C, D, E, F, G and H."

The deeds referred to were conveyances back to plaintiff's assignor of portions of the property acquired by the city in its condemnation proceeding. With respect to plaintiff's property abutting same, I am of the opinion that such covenants established an estoppel.

I am also inclined to agree with the contention of defendant that under the circumstances herein it was plaintiff who owed a duty to the city to safeguard the subway as a structure lawfully existing within the bed of a public street. (*Village of Haverstraw* v. *Eckerson, supra; Milburn* v. *Fowler*, 27 Hun, 568; *New York Steam Co.* v. *Foundation Co.*, 195 N. Y. 43.)

A more cogent reason, however, in my opinion leads to a decision adverse to plaintiff's claim, and that is, that apart from any other consideration, the proof adduced herein amply shows that the damages sought were adjudicated in the subway condemnation proceeding. In offering such proof, the city has met the burden imposed upon it of establishing, under its defense of res *judicata*, that the previous adjudication in condemnation included the item of loss of lateral support. Such an element of damage was a proper and requisite one for the court to determine. (*Matter*

*of Rapid Transit R. R. Commissioners,* 197 N. Y. 81; *Matter of New York Municipal R. Corp.* v. *Weber,* 179 App. Div. 245.) This easement or property right was specifically before the court under the petition initiating the condemnation proceeding. (*Matter of Willcox* [*Fourth Ave. Subway*], 213 N. Y. 218.) Portions of the property in connection with which the loss of lateral support is claimed were actually taken in the proceeding, and in this respect the facts are distinguishable from those presented in the *Willcox* case, which was an adjudication in the same proceeding. The instant case comes within the rule but not within the facts of the *Willcox* case. The presumption from the language of the petition and the language of the decree confirming the award, which states that the awards given in connection with the parcels involved herein included " consequential or resulting damage to the remainder or estate therein not taken " is sustained, not only by the judgment roll, but by an examination of the proof taken in that proceeding, photostatic copies of which proof were offered by the defendant. Such an award bars a further recovery. (*Hughes* v. *New York Elevated R. R. Co.,* 67 Hun, 648.)

The foregoing reasoning applies to lots 31 to 36, inclusive, which abut on Ashland place. As to the remaining three lots 37 to 39, inclusive, which abut on Lafayette avenue, they are not, as I view it in the proceeding, under the complaint. Furthermore, the right to lateral support (in the absence of negligence or nuisance) is confined to the premises adjoining those upon which the wrong complained of is done, and ordinarily no recovery can be had for injury caused by operation on other land except where the adjoining and non-adjoining lands are owned by the same person at the time of the invasion of the right. (See 1 C. J. 1214, § 35; *Bischoff* v. *New York El. R. R. Co.,* 138 N. Y. 257.)

Judgment for defendant.