LOUIS PARRINELLO et al., Appellants, *v.* JOHN V. HICKS, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1944.

*Edward V. Whiting* for appellants.

*Irwin J. Sikawitt* and *Neal P. Bottiglieri* for respondent.

HAMMER, J. Plaintiffs' complaint as limited by their bill of particulars alleges that in August, September and October, 1940, defendant wrongfully and without exercising due care, in violation of section 22 of the New York Building Code, excavated the rock and dirt, in depth ten feet, on his land, which adjoins plaintiffs' land in the rear, and by reason thereof plaintiffs lost their retaining wall, trees, shrubs, grass, dirt and top soil, to their damage in the sum of $800. At the time of alleged excavation the property now owned by plaintiffs was owned by a predecessor in title. On the trial plaintiffs' counsel stated the complaint was for the removal of soil in excess of ten feet, removal of lateral support without shoring and for the keeping of the property in such a condition that when the rains came plaintiffs' property was caused to fall in, but that plaintiffs did not claim any wrong was committed in the removal of the soil from defendant's property. It seems obvious that plaintiffs do not claim that defendant should have, but did not, build a retaining wall. The claim is that defendant excavated to a depth of ten feet or more without shoring and that several years later plaintiffs' retaining wall fell down after heavy rains. Plaintiffs became owners of their property by deed of purchase February 12, 1942. As plaintiffs' witness, defendant testified the excavation was made in 1938 or 1939. The record does not show when or by whom the retaining wall was erected on the property now owned by the plaintiffs. There was proof that plaintiffs' property had a residence building on it, and any failure of proof as to when it was erected is that of plaintiffs, who had the burden of proof to establish any violation of statute or law claimed by them. Section 22 of the Building Code was not in effect at the time mentioned in the complaint. While there are similar provisions in the Administrative Code of the City of New York, plaintiffs made no motion to amend or conform pleadings to proof. Plaintiffs argue that defendant removed soil from his property without permission. But defendant needed no permission either from them or their predecessor in title. Defendant acted of his own right. The two properties abutted in the rear and were on different street levels. Defendant had the right to bring his own land to the grade of the street on which it fronted. In doing so he was under a common-law obligation to furnish lateral support to adjoining land in its natural state. No common-law liability is claimed here. He was also required in doing the excavation work to proceed in accordance with statutory provisions. (Administrative Code of the City of New York, §§ C26–384.0,

C26–388.0, C26–562.0 to C26–563.0; L. 1937, ch. 929; see, also, *Sherover Construction Corp.* v. *City of New York,* 162 Misc. 893, and cases cited; *Bartsch* v. *Ragonetti,* 123 Misc. 903, affd. 214 App. Div. 799; *Jubilee Yacht Club* v. *Gulf Refining Co.,* 245 Mass. 60; *Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Tucker* v. *Mack Paving Co.,* 61 App. Div. 521; *Bergen* v. *Morton Amusement Co.,* 178 App. Div. 400.) As pointed out above, plaintiffs did not claim defendant's removal of soil from his own land was wrongful. The only seeming appropriate provision in respect of an excavation more than ten feet in depth (the specific claim made by plaintiffs) has to do with such an excavation below the curb level, but there is no evidence to support such a claim. The evidence shows the excavation brought defendant's land down to the grade of Carpenter Avenue upon which it fronted.

Have the plaintiffs the right to bring an action for violation of the statutory provisions? The action is a personal one for tort for an injury to real property. Plaintiffs do not and could not assert a right in reversion for consequential damage. They were the owners by purchase in possession in 1942 at the time of the damage for which they claim. But their ownership is under a deed of conveyance made to them by the owner who was in possession in 1938 or 1939, at the time the defendant's excavation was made. The record does not show a transfer or assignment of the prior owner's cause of action or right to sue, and as the alleged wrong does not appear to be a violation of an obligation which runs with the land, the plaintiffs have not shown their right to bring the action. In the case of *Sherover Construction Corp.* v. *City of New York* (*supra*) plaintiff was the assignee of a long term lessee of a hotel property abutting on a public street in which the defendant City had built a subway. The plaintiff lost on the ground that the City's duty to protect buildings did not continue long after the subway was completed, that the plaintiff under certain covenants in existing conveyances in reality owed the duty of protection to the City, and the damages awarded in the condemnation proceeding long previously brought and decided had adjudicated any and all questions of damage to plaintiff's property. We are not unmindful of what was said in Jones on Easements (1898 ed., § 627), quoting from the English case of *Bonomi* v. *Backhouse* (E. B. & E. 622, 658 [affd. *sub nom. Backhouse* v. *Bonomi,* 9 H. L. Cas. 503, overruling *Nicklin* v. *Williams,* 10 Ex. 259; see, also, *Roberts* v. *Read,* 16 East 215]). There it was said: " * * * we think that the right which a man has is to enjoy his own land in the

state and condition in which nature has placed ·it, and also to use it in such manner as he thinks fit, subject always to this: that, if his mode of ·using it does damage to his neighbor, he must make compensation. Applying these two principles to the present case, we think that no cause of action accrued for the mere excavation by the defendant in his own land, so long as it caused no damage to the plaintiff; and that the cause of action did accrue when the actual damage first accrued.'' We gather from the context that there was but one owner, namely, the plaintiff, during all the times of which complaint was made. We note also that here while plaintiffs seem to be suing for damages to plaintiffs' retaining wall, soil, grass, shrubbery and trees, the question has arisen that in reality they are suing for damages for a failure by defendant to erect a retaining wall on defendant's property. If .the latter is the damage sought it would seem to have accrued to the then owner when the defendant neglected to comply with the statute, and that cause of action has not been shown to have been transferred or assigned to plaintiffs. In Jones on Easements (§ 625) we find the statement: '' If the party claiming damages by reason of an excavation upon his neighbor's land has himself done any act contributory to the injury, he cannot recover.'' Assuming a right to sue, proof of freedom from contributory negligence was a burden of plaintiffs. It was fair inference that the wall on plaintiffs' property was built to retain filled-in soil to bring the rear of that property to the grade of Matilda Avenue on which it fronts. Any proof that such work, fill and grading, was properly done did not do more than present a question of fact.

The question of whether defendant's alleged failure was the proximate cause of plaintiffs' damage was also one of fact. We are concerned, of course, only with the plaintiffs' pleadings and proofs and whether the trial court's decision was warranted. If plaintiffs have some other cause of action not pleaded, that is something which does not seem to present a proper subject of decision on this appeal.

It is our view that on the pleadings and evidence the Trial Justice was warranted in the decision rendered by him for the defendant and the judgment should be affirmed, with twenty-five dollars costs.

HECHT, J. (dissenting). I dissent from the affirmance of the judgment of the Municipal Court dismissing the complaint on the merits.

The complaint alleges that in and about August, September and October, 1940, the defendant wrongfully and without using

proper care or caution, and in violation of section 22 of the New York Building Code, excavated the rock and dirt on his land, adjoining plaintiffs' (hereinafter referred to as plaintiff), and took away the same without leaving sufficient support for plaintiff's land, by reason of which plaintiff's land sank, gave way and slid down without any fault or negligence on the part of plaintiff but solely due to the negligence of the defendant, to plaintiff's damage in the sum of $800. The answer denied all of the allegations of the complaint.

Plaintiff's property on the easterly part of which is a permanent structure known as 4513 Matilda Avenue, Bronx, is about 23 feet in width on the avenue and 120 feet in depth. Defendant's land fronting on Carpenter Avenue adjoins plaintiff's property in the rear.

Plaintiff testified that at the time he bought his property the rear of his lot was about thirty feet above the grade of defendant's Carpenter Avenue lot, that being the difference in the grades of the avenues; that at that time there was a retaining wall on the rear of his lot; and that in July, 1942, there were severe rainstorms and the water washed out the dirt and soil in his back yard and all the dirt under the wall and the shrubbery and the wall fell right over.

Plaintiff's expert testified that the cost of a retaining wall to support the rear of plaintiff's lot would be about $600.

Defendant testified that in 1938 or 1939 he authorized a contractor to remove the dirt and top soil in the rear of his lot so that it would be level with the front of his lot on Carpenter Avenue; that the level of his lot in the rear was then about five feet below the level of the rear of plaintiff's adjoining lot; that after the soil was removed no steps were taken to shore up the property including plaintiff's and he did not get permission to remove the soil from the owner of the adjacent lot fronting on Matilda Avenue.

It seems that defendant caused the excavation to be made in 1938 or 1939. Plaintiff became the owner of the Matilda Avenue property in February, 1942.

In pleading that the plaintiff's grievance is based on a violation of section 22 of the Building Code, the plaintiff misnamed the section of the statute under which in the circumstances appropriate relief is warranted.

The Building Code of the City of New York in force May 1, 1904, was made chapter 5 of the Code of Ordinances by section 2 of chapter 628 of the Laws of 1904 and by chapter 929 of the Laws of 1937, taking effect January 1, 1938. Section 22 of the

original Building Code thus became section 230 of the Building Code in the Code of Ordinances of the City of New York (see Baldwin's annotated 1937 ed.), and said section 22, with some changes, is contained in sections C26–383.0 to C26–390.0 of sub-article 2 of the Administrative Code under heading "Excavations." Defendant did not and could not claim that he was misled by the misnomer, and the allegation of negligence was surplusage (*Dorrity* v. *Rapp,* 72 N. Y. 307; *Levine* v. *City of New York,* 249 App. Div. 625; *Riley* v. *Continuous Rail Joint Co.,* 110 App. Div. 787, affd. 193 N. Y. 643). The claim was not made in the court below nor is it asserted by respondent here that plaintiff's land was filled in, or that in such case the statute would be inapplicable.

Subdivision b of section C26–384.0 of the Administrative Code (last clause of section 22 of original Building Code in amended form) provides: "Permanent support of adjoining property.— Whenever provisions are lacking for the permanent support of the sides of an excavation in accordance with the provisions of section C26–563.0, a person causing such excavation to be made shall build a retaining wall at his own expense and on his own land. Such retaining wall shall be carried to a height sufficient to retain the adjoining earth, shall be properly coped and shall be provided with a substantial guard rail or fence four feet high."

Section C26–562.0 provides that when the street frontages of lots do not intersect, the curb level along each frontage shall be used to one half the depth of the lot between street frontages.

Section C26–563.0 provides: "*Retaining walls.* — a. Retaining walls to conform to street regulation. — When the regulation of a lot, in conformity with section C26–562.0, requires the ground on such lot to be raised or lowered and kept higher than the ground of an adjoining lot, provided the ground of such adjoining lot is not maintained at a grade lower than in conformity with the street or streets on which it is situated, any necessary retaining wall shall be made and maintained jointly by the owners of the land on each side and shall stand one-half upon the land of each owner, unless otherwise agreed to by both owners.

"b. Retaining walls to support adjoining earth. — Where an excavation has been made or a fill placed on any lot within the legal grade required by section C26–562.0, and the adjoining land is maintained at a grade in conformity with or lower than the street or streets on which it is situated and is without permanent structures other than frame sheds or similar struc-

tures, any retaining wall which shall be necessary to support the adjoining earth shall stand equally upon the lot of each owner and shall be made and maintained jointly by the owners of the land on each side, unless otherwise agreed to by both owners.''

Subdivision a is clearly inapplicable, and it is apparent that, plaintiff's street grade being higher than defendant's, subdivision b, providing for support by retaining wall at the joint expense of the owners is applicable only where the land adjoining that of the person causing the excavation to be made is without permanent structures other than frame sheds or similar structures, in which case a retaining wall shall be made and maintained, standing equally on the land of each owner, unless otherwise agreed to by them.

There is thus provision lacking in section C26–563.0 for a case where there is a permanent structure as distinguished from frame sheds or similar structures on the adjoining land, in which event, as provided by section C26–384.0, the person causing the excavation to be made is required to build a retaining wall on his own land in accordance with that section.

In *Bienstock* v. *Nista Construction Co., Inc.* (136 Misc. 480, affd. 232 App. Div. 731) the grade of the plaintiff's lot was about six feet above the established grade of the street. Defendant in order to construct an apartment house on its land, excavated the land to approximately the street grade, thus exposing a portion of the foundation of plaintiff's house. Defendant erected a retaining wall twenty inches wide entirely on the plaintiff's land parallel with the dividing line between the two properties. Plaintiff sued for an injunction ordering the defendant to remove the retaining wall from her land and directing defendant to erect a wall on defendant's land affording lateral support to plaintiff's land. The Trial Judge (CALLAHAN, J.) in granting the injunction said (p. 481):

'' Defendant contends that it erected the wall entirely on plaintiff's land pursuant to the provisions of article 11, section 211, of the Code of Ordinances of the City of New York, (Building Code).

'' Neither the 1st nor the 2nd subdivision of that section appears to apply to the situation here involved. Subdivision 1 relates to a situation where the grade of a lot is required to be raised and kept higher than the ground of the adjoining lot. In the instant case, the regulation of defendant's lot conforming it with the street grade required the lowering or excavation of the land.

" Subdivision 2 of section 211 relates to a case where there is no building or permanent structure on the adjoining land other than frame sheds or structures of like character. That is not the instant case.

" In my opinion, section 230, subd. 2 [part of former section 22 as amended] of said Building Code applies here. That section provides that: ' When an excavation is made on any lot, and a provision for the support of adjoining earth is not otherwise made in accordance with law, the person making such excavation or causing it to be made shall, at his own cost and expense, except as may be provided in article 11 of this chapter or as hereinafter provided in this section, build a retaining wall to support the adjoining earth; and such retaining wall shall be carried to the height of the adjoining earth, and be properly protected by coping.' " (See *Leerburger* v. *Hennessey Realty Co.*, 154 App. Div. 158, affd. on this point 214 N. Y. 659.)

In the present case, while it appears that there was a permanent structure other than " frame sheds or similar structures " on plaintiff's land at the time the plaintiff's land fell down, it seems to me, although the point was not made either in the court below or on the appeal, the evidence does not warrant a finding that such permanent structure was there at the time defendant's contractor was making the excavation. However, plaintiff's lack of proof in that regard would merely affect the amount of his damage, the statute providing that in the absence of such permanent structure a retaining wall shall be made and maintained jointly by the owners on each side unless otherwise agreed to by both owners; and the fact as to when the permanent structure was erected may be clarified on a new trial.

It is apparent that although heavy rains may have been the immediate cause of the collapse of plaintiff's land that fact would not excuse respondent's failure to perform his statutory duty; and as the damage resulted during plaintiff's ownership he was the proper party to sue (Jones on Easements [1898 ed.] § 627).

The judgment should be reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

EDER, J., concurs with HAMMER, J.; HECHT, J., dissents in opinion.

Judgment affirmed.